UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:09-CR-62-TLS |
| ) | |
| CHARLES DIES ) | |

**OPINION AND ORDER**

The Defendant, Charles Dies, pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. § 846, and possessing with intent to distribute cocaine, 21 U.S.C. § 841, and was sentenced to 156 months of imprisonment in accordance with a Plea Agreement containing an agreed term of imprisonment. On April 2, 2012, he filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, arguing that his counsel rendered ineffective assistance, thereby depriving him of his Sixth Amendment right to counsel. On February 21, 2013, the Court, by way of an Opinion and Order, denied the Defendant's Motion and declined to issue a certificate of appealability.

On September 9, 2013, the Defendant filed another Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [ECF No. 386]. In this most recent Petition, the Defendant claims that the Supreme Court's decision in *United States v. Alleyne*, 133 S.Ct. 2151 (2013), provides him with a procedural avenue for relief and he seeks to have his sentence vacated, arguing that the Court improperly enhanced his sentence based on firearm and role in offense sentencing guideline enhancements found by the Court. The Court finds that the Defendant's Petition is a second or successive motion and must be dismissed for lack of jurisdiction.

The Defendant's Petition "is subject to the requirement that second or successive motions

under this statute must be authorized by the court of appeals." *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition." (citing *Burton v. Stewart*, 549 U.S. 147, 152–53, (2007)).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255. According, this Court must dismiss it for lack for lack of jurisdiction. An unauthorized successive collateral attack cannot satisfy the criteria for a certificate of appealability. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [ECF No. 386] as a second or successive petition over which this Court has no jurisdiction. The Court DECLINES to issue a certificate of appealability.

SO ORDERED on November 4, 2013.

           s/ Theresa L. Springmann
          THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT